IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50117
Summary Calendar
_____

RAFAELA RIVERA and RAYMUNDO RIVERA,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Texas
(EP-94-CV-32)
_____
November 14, 1996

Before REAVLEY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellants Rafaela and Raymundo Rivera appeal the

dismissal of their tort claim for want of jurisdiction pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Plaintiffs contend that a cause of action against the United

States for the physical seizure of a person by a United States

Customs Officer is not barred by the "customs exception" of 28

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

U.S.C §2680(c).  Defendant's motion to dismiss was granted by the district court.  We affirm for the following reasons:

1.  Customs Service Officer Brian Martin apprehended Plaintiff Rafaela Rivera in a forceful wrist/arm lock when she refused to follow his request to step away from her car while Inspector Antonio Martinez bent over to search the inside of the vehicle's trunk.  The temporary seizure of Mrs. Rivera was carried out in the course and as part of the lawful detention and search by U.S. Customs officials during a customs inspection of a vehicle at a border entry point.  Claims against the government for officer Martin's actions, therefore, fall squarely within one of the enumerated exceptions to the government's waiver of sovereign immunity, specifically, the "customs exception" to the Federal Tort Claims Act.  28 U.S.C. §2680(c).  *See Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981).

2.  Intentional tort claims arising out of arrests by Customs agents are not barred by §2680(c).  *Gasho v. U.S.,* 39 F.3d 1420, 1434 (9th Cir. 1994), *cert. denied,* __ U.S. __, 115 S.Ct. 2582 (1995).  Appellants in their brief do not argue that an intentional tort was committed by Officer Martin, but claim instead that the government was negligent in training and supervising its officers, and that Customs officer Martin was negligent in evaluating the situation

before him and in the amount of force he used to apprehend Mrs. Rivera.  The record does not support a finding of malice or of any intentional tortious conduct by Officer Martin.  Therefore the Riveras' argument that their claim is not barred by §2680(c) fails.

AFFIRMED.